NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 13 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JERRY KENT DILLINGHAM, a.k.a. Jerry Dillingham, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> EVA SCRUGGS; et al., <br><br> Defendants-Appellees. | No. 18-16300 <br><br> D.C. No. 4:16-cv-03267-YGR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted December 11, 2019[**]

Before:    WALLACE, CANBY, and TASHIMA, Circuit Judges.

Jerry Kent Dillingham, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging federal

and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment for defendants because Dillingham failed to exhaust his remedies and failed raise a genuine issue of material fact as to whether administrative remedies were effectively unavailable to him. *See id.* at 1172 (explaining that once the defendant has carried the burden to prove that there was an available administrative remedy, the burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him).

The district court did not abuse its discretion in denying Dillingham's motions for appointment of counsel because Dillingham was able to articulate his claims and was unlikely to succeed on the merits. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and discussing factors to consider in ruling on a motion to appoint counsel).

The district court did not abuse its discretion in denying Dillingham's motion for reconsideration because Dillingham set forth no valid grounds for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Federal Rules of Civil Procedure 59 and 60).

Dillingham's unopposed motion to supplement the record is granted.

**AFFIRMED.**